(108 So. 487)

No. 27778.

**STATE ex rel. WILLIAMS v. LOUISIANA PUBLIC SERVICE COMMISSION et al.**

**In re WILLIAMS.**

(May 3, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Contempt ☞66(2)—Public service commissions ☞28—No appeal may be had from sentence of Public Service Commission or district court for contempt, and Supreme Court will review only regularity of proceedings (Const. 1921, art. 6, § 4).**

   No appeal may be had from a sentence for contempt imposed by the Public Service Commission under Const. 1921, art. 6, § 4, or by the District Court, and the Supreme Court may review only regularity and legality of proceedings preliminary to final sentence.

2. **Constitutional law ☞273—If Public Service Commission or district court arbitrarily, or without observing the sacramental formalities of law, sentences for contempt, Supreme Court may prohibit execution of sentence.**

   If the Public Service Commission or a district court arbitrarily, or without observing the sacramental formalities of law, imposes sentence for contempt, Supreme Court may prohibit execution of the sentence on the ground that due process of law was not observed.

3. **Constitutional law ☞273—Due process of law held not observed in contempt proceedings by Public Service Commission, where person charged was spectator when contempt order was dictated by chairman, but it was not shown that he was aware of purport of proceedings.**

   Due process of law *held* not observed in conduct of contempt proceedings by Public Service Commission, though person charged was a spectator when the contempt order was dictated, where there was no affirmative showing that he was aware of the purport of the proceedings, or that he was arraigned and he was permitted to leave in apparent ignorance of the sentence.

St. Paul, J., dissenting.

Original application in the name of the State, on the relation of Augustus G. Williams, for writs of certiorari and prohibition directed to the Louisiana Public Service Commission and others. Writs made final.

Irwin F. Williams, Harold A. Moise, George Montgomery, Sidney Mitchell, Maurice Connors, and George Piazza, all of New Orleans, for relator Augustus G. Williams.

Huey P. Long, of Shreveport, for respondents Louisiana Public Service Commission and others.

BRUNOT, J. [1-3] Relator, in his application to this court, alleges that on February 4, 1926, he was served by Maurice Hartson, civil sheriff of the parish of Orleans, with a document entitled, "Louisiana Public Service Commission Contempt Order No. 1," dated February 4, 1926. Relator quotes the order in full; he denies the material allegations of fact in the order; and he alleges that he had no interest in the matter that was under consideration at the time the proceedings before the commission were disturbed; and he merely interposed to prevent trouble between the commissioners themselves. The application purports to recite all of the acts and utterances of the commissioners and of relator leading up to and surrounding the incident which resulted in the issuance of the quoted order. We are not concerned with those matters, and we will pretermit any reference to them. Our duty is limited to ascertaining and declaring whether the contempt proceedings against relator were regularly and legally conducted. We say this advisedly, because the Constitution of the state has vested in the Public Service Commission the same power to punish for contempt committed during its sessions or for disobedience of its orders as is vested in the district courts of the state. The last paragraph of section 4 of article 6 of the Constitution of 1921 is as follows:

"The said commission shall have power to adopt and enforce such reasonable rules, regulations, and modes of procedure as it may deem proper for the discharge of its duties, and it may summon and compel the attendance of wit-

nesses, swear witnesses, compel the production of books and papers, take testimony under commission, and punish for contempt as fully as is provided by law for the district courts."

We have examined and scrutinized the return of the commission carefully, and nowhere does it affirmatively appear therein that relator was, on the evening of the alleged contempt, apprised of either the accusation against him or of the sentence for contempt imposed upon him by the commission. Nor does it affirmatively appear that he was arraigned or charged with any offense, or that he had notice at that time of the commission's intention to punish him for contempt. It is true that he was a spectator, seated among the audience, when the contempt order was dictated by the chairman of the commission to the stenographer, but there is no affirmative showing that he was aware of the purport of that proceeding, and thereafter he was permitted to leave the premises in apparent ignorance of the entry of a judgment and sentence for contempt against him. View the matter as we will, we cannot escape the conviction that due process of law was not observed in this case.

Under our view of the law, the supervisory jurisdiction of this court in the matter of contempt proceedings is limited to a review of the regularity and legality of the procedure of the court or commission preliminary to the issuance of its final order or sentence. We cannot review, and there can be no appeal from, a sentence for contempt imposed by a district court or by the Public Service Commission; but, if either, arbitrarily or without observing the sacramental formalities of law, impose a sentence for contempt, this court may, under its general supervisory powers, on the application of the party aggrieved, prohibit the execution of the sentence upon the ground that due process of law was not observed.

Having reached this conclusion, we think relator is entitled to the relief prayed for in his application, and it is therefore ordered that the writ heretofore issued herein be now perpetuated and made final, and that Louisiana Public Service Commission and the members thereof be restrained and prohibited from executing or attempting, to execute, the said commission's contempt order No. 1, and that Maurice Hartson, civil sheriff of the parish of Orleans, be restrained and prohibited from executing the warrant of commitment issued by the Louisiana Public Service Commission under its said contempt order No. 1.

ST. PAUL, J., dissents.