152 So. 65

**WOODARD et al. v. JOHNSON et al.**

No. 32610.

Nov. 27, 1933.

Rehearing Denied Jan. 2, 1934.

ROGERS, Justice.

The relators, M. R. Johnson and G. H. Moore, were adjudged in contempt by the judge of the Second judicial district court for the parish of Bienville and apply for writs of certiorari and prohibition to review the ruling of the judge and to forbid him from executing or attempting to execute his judgment finding them guilty of contempt.

The case was submitted upon the allegations of the application of relators and the averments of the returns of the district judge and A. E. Woodard, the respondents.

The substantial facts, as we gather them from the record before us, are as follows, viz.:

On November 27, 1931, relator M. R. Johnson filed suit in the justice of the peace court for ward 4 of Bienville parish against one Jerry Ashley for $100 for rent of a farm for the year 1931, and, under a provisional seizure, caused the constable to seize six bales of cotton as the property of Jerry Ashley and grown on the leased premises during the term of the lease. A. E. Woodard was also made a party defendant as guarantor of the note given for the rent.

The justice of the peace rendered judgment against both defendants but failed to recognize the lessor's lien. On appeal, the district court rejected plaintiff's demand against A. E. Woodard and affirmed the judgment against Jerry Ashley with an amendment recognizing the lessor's lien. When the judgment became final, relator M. R. Johnson caused execution to issue thereon in the justice of the peace court directed to relator G. H. Moore, the constable of said court, who seized under the execution the six bales of cotton originally seized by virtue of the writ of provisional seizure, and advertised that he would sell the cotton on May 17, 1933.

On the day before the sale, A. E. Woodard, claiming to own four bales of the cotton, represented by negotiable warehouse receipts, the Monroe Hardware Company, Inc., and the Fowler Commission Company, Inc., each claiming to own one bale of the cotton represented by a negotiable warehouse receipt,

filed a joint suit in the Second judicial district court for the parish of Bienville, in which they prayed that relators, M. R. Johnson and G. H. Moore, constable, be enjoined from selling their alleged property; and a restraining order was granted temporarily prohibiting the sale of the cotton claimed by the plaintiffs.

The relators, M. R. Johnson and G. H. Moore, constable, disregarding the restraining order sold the cotton under the fi. fa. issued by the justice of the peace, M. R. Johnson, himself, becoming the purchaser thereof for the sum of $200.

On May 19, 1933, A. E. Woodard, Monroe Hardware Company, Inc., and Fowler Commission Company, Inc., plaintiffs in the suit in the district court, filed a joint petition therein and prayed that relators be cited and punished for contempt for refusing to obey the order of the court.

Relators answered the rule to show cause, alleging and pleading that the district court was without jurisdiction to issue the restraining order or to try and punish them for contempt; that the restraining order was issued in violation of a prohibitory law; that relators were not legally cited and no notice given them that any order had been filed or that the conditions of the order were complied with.

After a hearing on the rule, the court sustained the exceptions to jurisdiction as to plaintiffs Monroe Hardware Company, Inc., and Fowler Commission Company, Inc., and overruled the exceptions as to the plaintiff A. E. Woodard, and held relators in contempt for violating the restraining order issued at his instance. Relators' application for a new trial was overruled, and the relators were ordered to appear in court for sentence. Whereupon relators invoked the supervisory power of this court to stay the proceeding until the further orders of the court.

The only questions which may be inquired into on relators' application for certiorari and prohibition are those relating to the regularity of the proceeding and to the jurisdiction of the court.

Relators contend that the restraining order was issued in violation of a prohibitory law, Act No. 29 of 1924, in that it was not indorsed with the date and hour of issuance, does not state any legal reason for its issuance without notice and does not describe in detail any acts sought to be restrained, without reference to the petition and attached documents; that the order was conditional on plaintiffs furnishing bond for $100 and there was no notice or citation served on them showing that any bond had been given or filed or that the order had been entered of record in the clerk's office, and they had no means of knowing whether these things had been done; and that until such knowledge is legally brought to them, they cannot be held for contempt.

The returns of the respondents show that the restraining order was issued on May 16, 1933, the day before the sale was advertised to take place. That a certified copy of the petition, together with the restraining order and citation, was served upon both relators prior to the hour of sale, as shown by the returns of the serving officers and by the testimony of the sheriff and a deputy sheriff of the parish of Bienville. That the sheriff

particularly called the attention of relators to the restraining order, which he read to them prior to the hour set for the sale, and advised them not to proceed with the sale. That ignoring the warning of the sheriff and disregarding the restraining order, relators sold the property which they had been prohibited from selling.

We find, contrary to relators' contention, that the restraining order does set forth the reasons for its issuance, namely, "that it is apparent from the allegations of petitioners' petition that immediate loss and injury will be sustained by said plaintiffs herein before they can be heard on a preliminary writ due to the fact that the sale is advertised for the 17th day of May, at 11 o'clock A. M., for the year 1933, and that plaintiff had no other remedy than the issuance of this restraining order."

█ We find also that the restraining order prohibited the relators from proceeding with the sale of the property described in the advertisement attached to plaintiffs' petition and as represented and shown by the six negotiable warehouse receipts. It is quite true that the order might have set forth in more detail the act which it was intended to prohibit. But there can be no question that relators, irrespective of the warning given them personally by the sheriff, were fully informed from the language of the order itself as to what they were prohibited from doing. There was only one sale that concerned relators advertised to take place on May 17, 1933, at 11 o'clock a. m. of property represented by six negotiable warehouse receipts.

As required by the court in issuing the restraining order, bond in the sum of $100 was furnished by the plaintiffs on May 16, 1933, and filed in the clerk's office on May 17, 1933.

██ Relators' complaint that they were given no specific notice that the bond on which the order was conditioned had been furnished or that the order itself had been filed in the clerk's office is untenable.

Under the law it was necessary that the documents be filed in the clerk's office before delivery to the sheriff for service on relators. And the documents served on relators were certified to by the clerk as correct, which certification the clerk was authorized to make only after the documents had been filed in his office. We cannot presume that the law was violated in this instance, nor were relators justified in so presuming. All things are presumed to be lawfully done until proof be made to the contrary.

█ The question raised by relators that the plaintiff A. E. Woodard is not the owner of the four bales of cotton claimed by him, but only enjoys a lien thereon, which lien is inferior to the lessor's privilege, is a question which must be determined on the merits of the case and cannot be urged by relators in justification of their action in disobeying the restraining order.

██ Relators allege that the district court had not jurisdiction to issue any order to regulate or to interfere with the process of the justice of the peace court and to punish them for ignoring such illegal order.

The rule is that one court cannot enjoin the process of another, and in this state that rule has matured into statute law. Code Prac. arts. 617, 629. But an exception to the rule is recognized where the property of a

third person is seized and the value of the property exceeds the limits of the jurisdiction of the seizure court, as prescribed by the Constitution. In such a case the only question that can be raised is that of the ownership of the property seized. The value of the property tests the jurisdiction of the court, and the claimant must go into the court having jurisdiction according to amount. See Speyrer v. Miller, 108 La. 204, 32 So. 524, 61 L. R. A. 781, citing numerous authorities in support of the general rule and the exception thereto.

The record shows that A. E. Woodard is a third person claiming the ownership of four of the six bales of cotton which were advertised for sale and sold by the relator G. H. Moore as constable of the justice's court. And the record also shows that according to the allegations of plaintiff's petition for the injunction and the restraining order and the testimony offered on the trial in the contempt proceeding, the cotton in question was worth more than $100.

Justices of the peace have concurrent jurisdiction with the district courts in all civil matters when the amount in dispute shall not exceed $100, exclusive of interest, including suits for the possession or ownership of movable property not exceeding said amount in value. Const. 1921, art. 7, § 48, p. 51.

Therefore, the justice of the peace court clearly has not jurisdiction to adjudge the ownership of the four bales of cotton in dispute between the parties litigant. The only court competent to decide that question is the district court, which did not exceed the bounds of its jurisdiction in entertaining

both the suit for an injunction and the proceeding for contempt.

For the reasons assigned, the rule nisi herein issued is discharged, and relators' application is dismissed; all costs of this proceeding to be paid by relator M. R. Johnson.

O'NIELL, C. J., dissents.