The relator, Connerly, filed a mandamus proceeding against the Tangipahoa Parish School Board to be reinstated as a permanent teacher in said parish, with all the rights and benefits attached to his employment as a teacher, and on September 24, 1941, a judgment was rendered commanding the school Board "to reinstate relator, Elvis J. Connerly, a permanent teacher in the public schools of Tangipahoa Parish, Louisiana, and as such, entitled to all benefits, compensations and rights and effective *Page 827 
from the beginning of the 1941-1942 school year and until otherwise legally removed." No appeal was taken from this judgment by the School Board.
The day after the above judgment was signed, the Superintendent of Education addressed a registered letter to relator at his last-known residence advising him that, in compliance with the judgment rendered in his favor, he was reinstated as a permanent teacher in the parish and was assigned to the Tangipahoa Elementary School, at Tangipahoa, as a teacher of the fourth and fifth grades and principal of the school (he had been a teacher in a high school of the parish) at a salary of $101 per month, and he was ordered to report for duty at the above school on September 29, 1941. This letter was not delivered to relator, the notation on the return envelope showing that the letter was forwarded to Jackson, Louisiana, and was returned unclaimed. A copy of this letter was sent by registered mail to relator at Jackson on September 29th where he was then working for the State Police, and this letter was likewise returned unclaimed.
The School Board met on October 6, 1941, and approved the list of teachers with their assignments made by the Superintendent (including the assignment of relator to the above school) and, on the recommendation of the Superintendent, the Board ordered that the relator appear before it for hearing at a special meeting to be held October 27th on the charges preferred by the Superintendent of wilful neglect of duty in failing and refusing to assume the assignment given him. Notice of this hearing was served on relator by the State Police on October 7th.
On October 17, 1941, relator filed a contempt proceeding against the School Board, and an order was signed for the Board to show cause on October 24th why the Board should not he held in contempt and its members punished accordingly. After a hearing on this rule, the court rendered a judgment making the rule absolute and "decreeing the Tangipahoa Parish School Board in contempt of the judgment of this Court in failing to reinstate relator, Elvis J. Connerly, as a permanent teacher in his former capacity as High School instructor in an approved High School of Tangipahoa Parish and for the payment of all back salary at the regular salary schedule from date of his discharge from the State Police, to wit; October 6, 1941, and through the 1941-1942 school session, and all at respondents' cost." The punishment of the members of the board was deferred to the next regular meeting of the Board in February, 1942.
The School Board was granted an appeal from the above judgment to this court on the same day the judgment was rendered and signed. The relator has filed a motion in this court to dismiss the appeal for the reason that the proceeding is one for contempt and a judgment of contempt is not appealable.
Where a writ of mandamus orders a public body to do a specific thing required of it by law, and some or all of the members of the body refuse to comply with the judgment of the court, those refusing may be punished for contempt by the court issuing the order. State ex rel. Bauman et al. v. Judge of Civil District Court, 38 La.Ann. 43, 58 Am.Rep. 158. The proceedings taken by relator after the mandamus was issued by the court in its judgment of September 24, 1941, were in the nature of proceedings for contempt against the School Board for its failure or refusal to comply with the judgment which ordered it to reinstate relator as a permanent teacher in the schools of the parish, with the same benefits, compensations and rights as when he was discharged. In fact, all parties to this proceeding, including the court which issued the mandamus, seem to treat this proceeding purely as a rule for contempt. The answer of the respondent Board attempts to show that it did comply with the mandamus order, or, in any event, that it made an effort to comply with it.
A judgment imposing a sentence for contempt is not appealable, although the case in which the contempt has been committed is appealable. The court which renders the order commanding the doing of a certain act by a person or a public body is alone vested with the right to determine, on a rule for contempt for failure to comply with the order, whether or not the order has been complied with, or a sufficient reason given for failure to comply with it. City of Gretna v. Rossner, 154 La. 117, 97 So. 335.
The remedy of the person found to be guilty of contempt for a failure or refusal to comply with an order of the court is to invoke the supervisory jurisdiction of the Supreme Court, and that Court will limit its inquiry to a review of the legality and regularity of the procedure of the court preliminary to its issuance of a *Page 828 
final judgment of contempt. If the court issuing the order for contempt has acted arbitrarily or without following the sacramental formalities of the law, the Supreme Court will exercise its supervisory jurisdiction in order to afford relief to the aggrieved party. State ex rel. Williams v. Louisiana Public Service Commission et al., 161 La. 293, 108 So. 487.
For the reasons herein above assigned, we are of the opinion that no appeal lies from the judgment of contempt entered in this matter, and the motion to dismiss the appeal is hereby sustained and the appeal is dismissed.