13 So.2d 346

### STATE ex rel. CONERLY v. TANGIPAHOA PARISH SCHOOL BOARD.

No. 36999.

April 12, 1943.

See, also, 9 So.2d 826.

Bolivar E. Kemp, Jr. and S. S. Reid, both of Amite, for relator.

Ponder & Ponder, of Amite, for respondent.

HAMITER, Justice.

The Tangipahoa Parish Board School has invoked the supervisory jurisdiction of this court, seeking relief from a decree of the Judge of the Twenty-First Judicial District Court for the Parish of Tangipahoa holding it in contempt. Writs of certiorari and prohibition were granted, as prayed for, and a rule to show cause was issued directed to said judge and to Elvis J. Conerly, at whose instance the contempt proceedings were instituted.

It appears from the record that for three years prior to May 22, 1941, Conerly was regularly employed by such school board as a teacher in the high school of Kentwood, Louisiana. On that date the school superintendent, at the request of the board members from the First Ward of Tangipahoa Parish, notified him by letter that his services would not be retained for another session.

Following the discharge, and specifically on September 25, 1941, Conerly filed a petition in the district court alleging that the discharge letter was written without proper authority and "that such action was taken without expressed causes and without legal right"; and he prayed "that per-

emptory writs of mandamus issue ordering and commanding the Tangipahoa Parish School Board to reinstate relator, Elvis J. Conerly, as a permanent teacher and with all the benefits connected with and incidental to his employment as such and all at respondent's costs."

The school board answered the issued mandamus rule and a regular trial was held; and the court, on September 23, 1941, decreed the law and the evidence to be in Conerly's favor. Thereupon counsel for Conerly presented to the court for signing a form of judgment containing the following decretal clause:

"It Is Ordered, Adjudged and Decreed that there be judgment herein in favor of relator, Elvis J. Conerly, and against the respondent, Tangipahoa Parish School Board, rendering the writs of mandamus issued herein peremptory, ordering and commanding the Tangipahoa Parish School Board to reinstate relator, Elvis J. Conerly, as a permanent school teacher in the High school of Kentwood, Louisiana, and as such entitled to all benefits, compensations and rights and effective from the beginning of the 1941–1942 school year and until otherwise legally removed."

The judge, with pen and ink, struck from the form the words "High school of Kentwood", and in their place and stead he wrote "public schools of Tangipahoa Parish". This action, which is clearly demonstrated by the instrument itself, effected a change in the presented draft from a command to the school board to reinstate Conerly as a permanent teacher in the high school of Kentwood to one for reinstating him as a permanent teacher in the public schools of Tangipahoa Parish. After making that alteration, the judge added at the end of the instrument the words "all interlineations and erasures made before signing"; and then he affixed his signature.

Since the trial and the rendition of the mentioned judgment the school board has conceded, and it now admits, that Conerly was improperly discharged.

On the day after the judgment's signing, the school superintendent addressed the following letter to Conerly:

"Complying with the terms of a judgment rendered in your favor by the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana, this is to notify you that you are hereby reinstated as a permanent school teacher in the public schools of Tangipahoa Parish.

"You are hereby assigned to the Tangipahoa Elementary School, Tangipahoa, Louisiana, as a teacher of fourth and fifth grades, as well as principal of this school. You will report to this school Monday morning, September 29, 1941, at 8:00 A. M. to assume your duties. Your salary for the year will be at the rate of $101.00 per month."

The named elementary school, according to the brief of the school board's counsel, is five miles distant from the Kentwood High School. The assignment there, as teacher and principal, was declined by Conerly it seems; and on October 17, 1941, he commenced this contempt proceeding against the school board.

In his petition he alleged that the court, in the mandamus action, ordered his reinstatement as a "permanent school teacher in the public schools of Tangipahoa Parish with all benefits, compensations and rights effective from the beginning of the 1941-1942 school year," meaning thereby, under the Teachers Tenure Act, Act No. 58 of 1936, reinstatement "without demotion in status or reduction in salary." Further he averred that the school board has not returned him to his former status, which was instructor of history and commercial geography, and has not paid his salary; and that, therefore, it is in contempt of the judgment previously rendered. Additionally, the petition shows that "he is ready and willing to resume teaching the same subjects in the same high school or in any other regular accredited high school of the Parish of Tangipahoa whenever and as he is assigned by the Tangipahoa Parish School Board".

A rule to show cause issued, and the school board for answer averred complete compliance with the court's judgment. Conerly, it showed, was assigned to the position of principal and grade teacher in the public school at Tangipahoa, Louisiana, as of September 29, 1941; however, his pay was withheld because he was at the time drawing another salary as an employee in the Department of State Police.

Evidence was adduced on the trial of the contempt rule, and there was judgment, rendered and signed on January 16, 1942, ordering that the rule be "made absolute decreeing the Tangipahoa Parish School Board in contempt of the judgment of this Court in failing to reinstate relator, Elvis J. Conerly, as a permanent teacher in his former capacity as High School instructor in an approved High School of Tangipahoa Parish and for the payment of all back salary at the regular salary schedule from date of his discharge from the State Police force, to-wit, October 6, 1941, and through the 1941–1942 school session and all at respondent's costs." It was further ordered that punishment for the contempt be deferred until the board's next regular meeting.

From that judgment, and on the date of its rendition, the school board appealed to the Court of Appeal, First Circuit of Louisiana. That tribunal dismissed the appeal, holding that none "lies from the judgment of contempt entered in this matter"; and later it refused to grant a rehearing. 9 So.2d 826.

Shortly after the record's return to the clerk of the district court, the school board applied for the remedial writs that brought the case here. The application was timely filed, as no attempt had previously been made to obtain execution of the judgment of contempt.

◼ It is well settled that on an application for writs of certiorari and prohibition to review contempt proceedings no inquiry into the evidence will be made. State v. Broxson, 163 La. 94, 111 So. 611; Perrault v. Edwards, 170 La. 671, 129 So. 125; State v. Dickinson, 191 La. 266, 185 So. 20; Pizzolato et al. v. Cataldo, 12 So. 2d 677, decided by this court on February 1, 1943, and not yet reported in State report.

The court's inquiry is limited to a consideration of those questions that relate to the regularity and legality of the proceedings and to jurisdiction. State ex rel. Williams v. Louisiana Public Service Commission et al., 161 La. 293, 108 So. 487; Woodard v. Johnson, 178 La. 501, 152 So. 65; State v. Dickinson, supra; Hattier v. Martinez, 197 La. 121, 1 So.2d 51; Pizzolato et al. v. Cataldo, supra.

In our opinion the record discloses illegality in the proceedings that entitles the school board to relief from the decree rendered against it, the illegality appearing on the face of the judgment that was assertedly violated and of the written contempt order. As above pointed out, the judgment in the mandamus action was originally drafted so as to command Conerly's reinstatement as a permanent teacher in the high school of Kentwood. However, before it was signed interlineations were made thereon which changed the command to read that he be reinstated as a permanent teacher in the public schools of Tangipahoa Parish. It was the judgment in the changed and signed form of which the board was held to be in contempt; and the claimed violation of such judgment was "in failing to reinstate relator, Elvis J. Conerly, as a permanent teacher in his former capacity as high school instructor in an approved high school of Tangipahoa Parish * * *."

The signed mandamus judgment, with its alterations, does not furnish an expressed direction for the restoration of Conerly to his former capacity of a high school instructor. In fact on reading that instrument, and particularly by giving consideration to the deleted but yet visible words "High school of Kentwood", one gains the impression that the reinstatement command would be satisfied by his being placed as a permanent teacher in any of the public schools of Tangipahoa Parish and given all of the benefits, compensations and rights of such a teacher as of the commencement of the 1941–1942 school year.

It may be that Conerly, by reason of the Teachers Tenure Act and the jurisprudence of this state interpreting it, must be reinstated as a permanent teacher in his former capacity as high school instructor of Tangipahoa Parish and be paid all back salary, just as the contempt decree declares should have been done. But the matter of his rights in that respect is not now before us. This proceeding presents only the question of whether or not the board has violated the expressed direction of the district court; and we hold, as above shown, that it has not. It is specifically pointed out, however, that nothing herein said is to be construed as foreclosing the rights of Conerly for his proper reinstatement and for the recovery of his salary under and in accordance with the law of this state.

Therefore, it is ordered that the writs heretofore issued herein be now perpetuated and made final; and the judgment of the district court holding the school board in contempt is now annulled and voided and its execution is restrained and prohibited. All costs of this contempt proceeding shall be paid by Conerly.

PONDER, J., takes no part.

ODOM, J., absent.