The plaintiff, Eberhard P. Deutsch, brought this suit against the defendants, Edward B. Fabacher, an auctioneer, and his surety, Joseph R. Lawton, claiming the sum of $297.50, as the value of certain articles alleged to have been delivered to, and received by the auctioneer for sale at auction, and for which plaintiff has never received an accounting.
Defendants filed an answer denying that they were indebted to plaintiff in any sum whatsoever; that the plaintiff had consigned his merchandise to the Southern Auction Galleries, Inc.; that defendant *Page 727 
Fabacher merely acted as the auctioneer for the Southern Auction Galleries, Inc.; that most of the merchandise was sold at auction and that the Southern Auction Galleries, Inc., had unsuccessfully attempted to effect a settlement with the plaintiff for the merchandise sold.
There was judgment below in plaintiff's favor as prayed for. From this judgment defendants have appealed.
The record shows that on October 13th, 1947, plaintiff's wife telephoned defendant Fabacher at his place of business, 1607 Prytania Street, and told him that she had some articles that she wished to dispose of, and that she wished to see him personally. On October 14th, 1947, plaintiff's wife called at 1607 Prytania Street, met Mr. Fabacher, who in turn introduced her to a Mr. Robert O. Barnes, as his (Fabacher's) assistant. There is a dispute between plaintiff and Fabacher as to whether the words "my assistant" were used in conjunction with the introduction. On the occasion of this visit, arrangements were made between plaintiff's wife and Barnes, for him to remove the articles that plaintiff's wife desired to sell from the attic of her home in # 9 Richmond Place. It also appears that on this same day, plaintiff's wife returned to Fabacher's place of business and left there to be sold a "silver plated loving cup cocktail shaker", for which she was given a receipt.
On October 17th, 1947, Barnes went to plaintiff's home and received from plaintiff's wife the remaining portion of the merchandise which she wanted to sell. During the trial of the case the plaintiff offered in evidence a list prepared by his wife showing the articles and the respective values thereof which she had delivered to Barnes. This list is as follows:
"1 golf bag and set of clubs $ 5.00 1 coffee cup and dripper comb. 1.50 1 flower light 1.50 1 pair book-ends (bronze) 2.50 1 safe box 1.00 1 pipe holder and pipes (Dunhill) 3.00 1 bed tray 1.50 1 small rug 2.50 5 pair boys and mens shoes 10.00 3 zipper satchels 3.00 1 Elizabeth Arden Beauty Box 20.00 1 punch bowl 10.00 3 cut glass pieces 7.00 1 silver plated cocktail shaker 25.00 1 purple crystal fruit stand 20.00 2 cut glass bowls 10.00 3 bridge tables 1.50 1 set Voltaire works 125.00 1 set Boy Allies 7.50 6 sets of other books 20.00 2 cut glass lamp bases 20.00"
It appears that plaintiff's wife requested a receipt at this time from Barnes and he told her that as soon as the merchandise was delivered to 1607 Prytania Street, defendant's place of business, a receipt would be issued. The record indicates that no receipt, other than the one referred to hereinabove, was ever issued, despite frequent requests for such a receipt on the part of plaintiff's wife. At the time one of these requests for a receipt was made by plaintiff's wife, she was advised that some of the articles had been sold, and then she attempted to secure an accounting and was equally unsuccessful. Amicable demand was made by plaintiff for the value of the merchandise delivered to Fabacher, and that demand being ignored the present proceedings were instituted.
Defendants contend that plaintiff consigned his merchandise to Southern Auction Galleries, Inc., and that Fabacher merely acted as an auctioneer for that company, and that most of the articles had been sold at auction and that Southern Auction Galleries, Inc., had attempted to make settlement with plaintiff for the articles sold, but without avail.
On the other hand, plaintiff contends that he, through his wife, dealt only with Fabacher as auctioneer and that none of the articles were sold for the small amounts which Fabacher claims they brought.
Considering first the contention of the defendants that plaintiff consigned his merchandise to Southern Auction Galleries, Inc., and that Fabacher merely acted as an auctioneer for that company, a summary of the evidence indicates that plaintiff, through his wife, intended to and did actually deal with Fabacher as an auctioneer and not with the Southern Auction Galleries, *Page 728 
Inc., and that, therefore, plaintiff consigned his merchandise to Fabacher who, in turn, may have placed it in the possession of Southern Auction Galleries, Inc., as his agent. Fabacher testified by deposition that he is an auctioneer and President of Southern Auction Galleries, Inc., 80% of whose stock he owns. Mrs. Deutsch testified that she had spoken to Fabacher by telephone and that on calling at his place of business, he had introduced himself and Mr. Barnes to her; that when Fabacher testified by deposition in counsel for defendants' office and she heard him swear that he was Edward B. Fabacher, an auctioneer, she recognized him as the same man she had seen on October 14th, 1947, at 1607 Prytania Street.
Dart's Louisiana General Statutes, Section 470, Rev.St. § 139, provides:
"Any citizen of the State may become an auctioneer for the parish in which he is a qualified voter, and be authorized to sell any real or personal property at public auction, upon giving bond and security, according to law, and taking the oath prescribed by law."
Section 144 of the Revised Statutes, as amended by Act No. 134 of 1914 provides that "no other person than a duly qualified, bonded and licensed auctioneer * * * shall exercise the trade or business of an auctioneer by selling or offering for sale at auction any property, real or personal, within the state, under a penalty of a fine of not less than twenty-five dollars nor more than five hundred dollars, or imprisonment in the parish jail for not less than five days nor more than sixty days, or both said fine and imprisonment for each offense."
It is, of course, always presumed that transactions are executed in a legal rather than in an illegal manner. Woodward v. Johnson, 178 La. 501, 152 So. 65. Therefore, the presumption here is that Fabacher, himself, dealt with plaintiff rather than the corporation, which could not legally have done so, and the facts bear out this presumption. It will be noted particularly from the provisions of Dart's Louisiana General Statutes, Sec. 470, supra, that only a citizen of the State, who is a qualified voter and takes the prescribed oath, can become an auctioneer. Obviously a corporation cannot meet these qualifications and, therefore, cannot legally, under any circumstances, act as an auctioneer.
In Kuhn v. Abat, 2 Mart., N.S., 168, which involved an action against an auctioneer and his surety for the value of merchandise placed with the firm to be sold at auction was defended on the ground that "the business seems to have been done by" the firm. In this case the court held:
"None but persons licensed for that purpose, can lawfully sell at auction; therefore, if they were properly sold, it must be considered as the act of Dutillet, who alone had authority to make the sale; and the obligation which he and his sureties contracted, in consequence of the privilege granted to him by the government, ought not to be impaired by the circumstances of his having conducted the affairs of his office with the aid of a partner in the profits, any more than they would be, if he had acted by the assistance of a hired clerk. His situation, in relation to his partner, did not concern the public who applied to him as an auctioneer."
In a certification, dated April 29th, 1948, the State Auditor, Mr. L. B. Baynard, stated that "no license has been issued to the Southern Auction Galleries, Inc., and that the said Southern Auction Galleries, Inc., is not authorized to engage in business as an auctioneer in the State of Louisiana."
We must, therefore, conclude that plaintiff dealt with the auctioneer Fabacher and not with the Southern Auction Galleries, Inc.
We now pass on to the next point of evaluating the merchandise sued for by the plaintiff. It will be recalled that plaintiff sued for $297.50, the alleged value of the merchandise delivered by his wife to Fabacher to be sold at auction. There was no written agreement between plaintiff and Fabacher as to what minimum prices these articles should be sold for at auction, and, in fact, plaintiff alleges that his wife never even received a receipt for them with the exception of the one given her for the silver plated loving cup cocktail shaker. *Page 729 
Defendants, on the other hand, contend that a receipt was issued to Mrs. Deutsch for every article delivered to them. The record shows that an auction was conducted by the defendant Fabacher, with not less than thirty people in attendance, and that most of plaintiff's articles were sold at this time. The articles are described and the prices obtained therefor, are listed as follows: —
"Golf Bag and Clubs (On Hand) Glass Dish 2.50 Coffee Brewer .75 Punch Bowl 8.00 Flower Light .50 Pipes and Safe Box 2.00 Book Ends .75 Pipe Holder } 7.00 6 Pr. Shoes Shoe Trees } Leather Bag 3.50 Lot Books } Lot French Books } 1.00 Box Contents } Bed Table Tray .50 Small Rug Plated Cocktail Shaker 7.00 Make Up Kit 1.00 Electric Reducing Roller 2.50"
The plaintiff contends that the articles sold at auction were not sold for the small amounts which Fabacher claims they brought, however, plaintiff has offered no evidence to prove or substantiate this contention. We are, therefore, of the opinion, that plaintiff should recover only the amount for which Fabacher sold the merchandise, which amounted to the sum of $37.00, less a commission of $5.50, less 1/2% hospital fee of $.19, less drayage of $3.00 or a net amount of $28.26. Plaintiff's right to sue for the return or the value of the unsold articles retained in the possession of the defendant is reserved.
For the reasons assigned the judgment appealed from is amended by reducing the amount thereof from $297.50 to the sum of $28.26 and plaintiff's right to sue for the return of the unsold articles or the value thereof is reserved to him. Costs to be borne by defendants.
Amended and affirmed.