Dear Mr. Bellard:
In your correspondence to this office you relate that you serve as an elected member of the Lafayette City-Parish Council (the Council), an entity governed by a home rule charter approved by the electorate in 1992. You also state that the Lafayette Charter Commission (the Commission) has recently been established for the purpose of preparing suggested amendments to the home rule charter. The Commission will submit the proposed amendments to the Council, with the expectation that the Council will call an election at which the charter amendments will be considered by the electorate.[1] You intend to vote against the calling of the election, and ask this office to advise if your vote would constitute a violation of the statute governing malfeasance in office.[2]
It is the opinion of this office that a charge of malfeasance may not be the option of first resort, or even the most appropriate response relative to your intended vote. Rather, it is the opinion of this office that the legal consequences of your vote are more properly analyzed in terms of whether or not you, and the Council, have a ministerial duty to call an election once the charter amendments are submitted. *Page 2 
Of import here is Lafayette City-Parish Ordinance No. 0-074-2010, approved by the Council on April 20, 2010. The ordinance creates the Lafayette Charter Commission, and provides for its membership. Section 3(d) of the ordinance states:
It shall be the duty of the Commission to study and prepare either revisions, additions or amendments to the Home Rule Charter or to prepare and propose alternate charters for the City of Lafayette and for the Parish of Lafayette, and to file such proposals with the Clerk of the Lafayette City-Parish Council and the Lafayette City-Parish President. Proposal(s) shall be approved by a majority vote of the membership of the Commission as a condition precedent to filing as provided in this Section. The Commission shall file such proposals(s) no later than nine (9) months from the appointment of the Commission. Upon the filing of proposal(s) in the manner specified above, the Lafayette City-Parish Council shall promptly take all actions as required by law for the calling of an election to consider the proposal(s).
[Emphasis added.]
The basic rules of statutory construction and interpretation are applicable not only to state statutes, but also to municipal and parish ordinances. Liberto v. Rapides Parish Police Jury, 95-456 (La. App. 3rd Cir. 11/2/95) 667 So.2d 552, 557; rehearingdenied, (La. App. 3rd Cir. 2/26/96). Of particular significance here is La.R.S. 1:3, providing that within a statute or ordinance the use of "the word `shall' is mandatory and the word `may' is permissive."
Section 3(d) of the Ordinance states that "upon the filing of proposal(s) . . . the Lafayette City-Parish Council shall
promptly take all actions as required by law for the calling of an election to consider the proposal(s)." Applying the directive of La.R.S. 1:3, it is the opinion of this office that the use of the word "shall" in Section 3(d) places a mandatory duty upon the Council to call an election once the proposed amendments are submitted by the Commission.
When the charter amendments are submitted, Section 3(d) affords no discretion to the Council regarding whether or not an election will be held; rather, it is the opinion of this office that the use of the word "shall" in Section 3(d) imposes aministerial duty upon the Council to call an election for the consideration of the charter amendments. Duties that are purely ministerial in nature are those which are so clear and specific that no element of discretion can be exercised in their performance.State v. Democratic State Central Committee,229 La. 556, 86 So.2d 192 (1956). *Page 3 
It is the opinion of this office that the failure or refusal of the Council to call an election on the charter amendments would subject the Council to a possible mandamus proceeding. Under La.C.C.P. Art. 3863, "a writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law . . ." See also Lyons v. Bossier Parish PoliceJury, 262 So.2d 838 (La. App. 2nd Cir. 1972); Bussie v.Long, 257 La. 623, 243 So.2d 776 (1971). Where a writ of mandamus orders a public body to do a specific thing required of it by law, and some or all of the members of the body refuse to comply with the judgment of the court, those refusing may be punished for contempt by the court issuing the order. State ex rel. Conerly v.Tangipahoa Parish School Bd., 13 So.2d 346 (La. 1943); State exrel. Bauman et al. v. Judge of Civil District Court,38 La.Ann. 43, 58 Am.Rep. 158 (La. 1886).
It is our opinion that Ordinance No. 0-074-2010 places a ministerial duty upon you as councilmember to vote in favor of a resolution calling an election on the question of the charter amendments.[3] The remedy for your refusal to do so lies in a mandamus proceeding, brought by the charter commission or other appropriate persons. If a court issues a writ of mandamus compelling your affirmative vote, your further refusal could subject you to contempt proceedings.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL
BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] The constitution requires that amendments to a home rule charter must be approved by the electorate. See La.Const. Art. VI, § 5.
[2] La.R.S. 14:134 provides that "malfeasance in office is committed when any public officer or public employee shall . . . intentionally refuse or fail to perform any duty lawfully required of him . . ." The decision to charge an official with malfeasance in office rests with the District Attorney; he has broad discretion in both the institution and handling of criminal prosecutions.See La.C.Cr.P. Art. 61; La.Const. Art. V, § 26(B);State v. Kibodeaux, 435 SO.2d 1128, 1131 (La. App. 1st Cir. 1983); see also La. Atty. Gen. Ops. 03-0296; 02-0235; 02-0179; and 02-063.
[3] The resolution of interest here is a resolution initiated under La.R.S. 18:1284(A), providing "the election shall be ordered by a resolution of the governing authority . . ." This statute is among the provisions of La.R.S. 18:1281, et seq., which govern bond and tax elections, and also govern home rule charter elections. See La.Const. Art. VI, § 5; and La.Const. Art. VI, § 22.