(77 South. 791)

No. 22917.

STATE v. DUHON et al.

Ex parte HOOPER.

(Jan. 28, 1918.)

*(Syllabus by the Court.)*

HABEAS CORPUS  29—INDICTMENT AND INFORMATION  1—CONVICTION FOR FELONY—NECESSITY OF INFORMATION OR INDICTMENT.

A conviction and sentence for a felony, with no charge against the person so dealt with, either by information or indictment, are absolute nullities, and such person should be discharged from custody on his application for habeas corpus.

Criminal proceeding by the State against W. Duhon, Ed. Ratliff and A. Dave Hooper. On a conviction and sentence for feloniously breaking and entering into railroad box car in the nighttime, A. Dave Hooper prays that the writ of habeas corpus issue from the Supreme Court to the warden of the penitentiary. Peremptory writ issued, and relator discharged from custody.

Williams & Williams, of Lake Charles, for relator. A. V. Coco, Atty. Gen., for the State.

Statement of the Case.

MONROE, C. J. Relator complains that he is held as a prisoner in the state penitentiary, without warrant of law, for this, to wit: That on May 20, 1916, being ignorant of his rights, he pleaded guilty in the district court for the parish of Calcasieu to the charge of unlawfully, feloniously, in the nighttime breaking and entering into a railroad box car, and was thereupon sentenced to four years' confinement in the state penitentiary; that apparently a judgment was rendered carrying into effect said sentence, but that no such judgment can be found, and that relator has reason to believe, and· so alleges, that none was rendered; that, moreover, the entire proceedings in the case were void ab initio, for the reason that no bill of indictment or information was ever returned against relator therein; that relator has applied for a pardon, and that the same was recommended by the judge by whom the sentence in question was imposed, but denied by the board of pardons; that he has also applied to the judge of the district court for the parish of East Baton Rouge, where the penitentiary is situated, for a writ of habeas corpus; but that his application was denied, and he can find no relief save in this court; wherefore he prays that the writ issue from this court, directed to the warden of the penitentiary, and, after hearing, that he be released.

He has annexed to his petition certified copies of the minute entries and documents filed (save the judgment) in the case entitled "State of Louisiana v. Duhon et al.," No. 8261 of the docket of the Fifteenth judicial district court, parish of Calcasieu, from which the following appears, to wit:

May 20, 1916, the court was duly opened, and in a proceeding bearing that title and number, "the accused W. Duhon, being formally arraigned, pleads not guilty. The accused Ed. Ratliff and Dave Hooper, being formally arraigned, pead (sic) guilty, and are each sentenced to imprisonment at hard labor in the state penitentiary for the term of four years, subject to the commutations allowed by law, the term of imprisonment to commence from the day of their incarceration therein. A nol. pros. is entered as to the [accused] Peter Hooper and Martin Corbello."

June 15, 1916, the "court met," and in same case "Judgment read and signed."

June 16, 1916, in the same case, though with another judge presiding, "leave of the court first had and obtained, the district attorney files now bill of information herein. The accused waives arraignment and pleads not guilty. Case fixed for instanter. Both sides announcing ready for trial, case is called and trial proceeded with," followed by the impaneling of the jury, proceedings on the trial, verdict, "We, the jury, find the accused not guilty," discharge of the jury, and release of the accused, the name, or names, of the accused being nowhere mentioned, even as being present in court.

The bill of information filed on June 21, 1916, charges W. Duhon with the offense hereinabove mentioned, but no one else.

The certificate of the clerk reads:

"I hereby certify that the above and foregoing is a true and correct copy of the extract of the minutes of court of the Fifteenth judicial district in the case of State of Louisiana v. W. Duhon et al., No. 8261, and all documents in said record No. 8261, except the judgment, which cannot be found."

Following which there is a certified copy of a docket entry reading:

"State of Louisiana, v. W. Duhon et al. #8261. 5/20/16. G. Ratliff. D. Hooper. W. G. W. Duhon. 5/20/16 Ratliff & Hooper 4 years. Pen each 6/8/16 for 6/21/16. Martin Corbello & P. Hooper, Nol. Pros."

By way of return to an order to show cause, the warden shows that he holds relator by virtue of a judgment of the Calcasieu court of June 15, 1916 (being the same as appears on minutes of June 15th, a copy of which he attaches to his return), and he alleges that said judgment can be annulled only by the court by which it was rendered.

The matter is submitted by counsel for relator and the Attorney General upon "the record as made up"; it being admitted that the documents attached to the petition and to the return are true and correct.

## Opinion.

In that part of the Constitution known as the "Bill of Rights" (article 9) it is declared that "prosecutions shall be by indictment or information," leaving it to the Legislature, however, to provide for the prosecution of misdemeanors by affidavits. It is manifest in this case that the relator was convicted and sentenced in the absence of either indictment or information, and hence that both conviction and sentence are absolutely null, and that respondent is without authority for holding relator in confinement.

"There can be no conviction or punishment for a crime without a formal and sufficient accusation. In the absence thereof, a court has no jurisdiction whatever, and, if it assumes jurisdiction, a trial and conviction are null." 22 Cyc. 171.

"According to the weight of authority, the absence of an accusation in the form prescribed by the Constitution or statute cannot be cured, so as to confer jurisdiction and validate a conviction, by consent, waiver, or estoppel on the part of the accused, or by stipulation on the part of his counsel." Id. 173.

See, also, 12 Cyc. 221.

The facts being conceded, no good purpose can be subserved by relegating the relator to the district court, since a direct proceeding is unnecessary for the purposes of an attack upon a judgment absolutely null; it may be disregarded wherever and whenever invoked; the remedy of the party against whom it is invoked, in a case such as this, being that which relator is seeking—the writ of habeas corpus. Michaelson v. Beemer, 72 Neb. 761, 101 N. W. 1007, 9 Ann. Cas. 1181.

It is therefore ordered that the writ issue as herein prayed for and be made peremptory, and that relator be discharged from custody.