*269
 
 LAND, Justice.
 

 Relator was charged on April 2, 1938, in the Juvenile Court for the Parish of Orleans with desertion without just cause and willful neglect to provide for the support of his lawful wife, under Act No. 77 of 1932, and on May 30, 1938, after trial, was found guilty and ordered to pay-to the criminal sheriff the sum of $9 a week, the first payment to be made June 4, 1938, for the support of his wife.
 

 Upon relator’s refusal to comply with the order of the court, a rule for contempt was taken by the State of Louisiana against him to show cause why he should not be punished for failing to comply with the judgment ordering him to pay alimony to his Vife, Mrs. Magdeline Dickinson.
 

 On the trial of the rule for contempt, July 5, 1938, relator appeared through his counsel, and filed an application for a new trial and also a motion in arrest of judgment, both of which were based, in the main, upon an alleged judgment of divorce obtained December 8, 1936, by relator in the Chancery Court of Pike County, State of Mississippi. A copy of this judgment is duly certified according to the Act of the Congress of the United States and is annexed to the motion for a new trial.
 

 Relator contends that, by reason of this judgment, the Juvenile Court for the Parish of Orleans
 
 has no jurisdiction
 
 over relator charged with the non-support of
 
 his divorced wife.
 

 If this judgment were a valid judgment of a sister State, there can be no doubt but that it would be entitled to full faith and credit in the courts of this State.
 

 But, as shown by the answer of respondent Judge to the rule nisi issued in this case, the alleged judgment of divorce was rendered by a court without jurisdiction either ratione materias or ratione personae, and the proceedings leading up to and on which the judgment is based were tainted with and based on fraud.
 

 The pertinent parts of the answer of respondent Judge are as follows: “On the trial of the aforesaid rule for contempt the defendant appeared, (assisted by the same counsel who had represented him at the trial of the information charging defendant with failing to support his wife) and filed an application for a new trial and also a motion for an arrest of judgment, both of which were based on an alleged judgment of divorce obtained by the defendant, William G. Dickinson, in the State of Mississippi.
 

 “The State, through the Prosecuting Attorney, objected to and opposed both the application for the new trial and the motion for arrest of judgment on the grounds that the question as to the validity of the said alleged judgment of divorce had been previously passed upon by this Court and that the Court had held that the said judgment was invalid; and that no appeal had been taken from said judgment and that it had therefore obtained the force and effect of Res Adjudicata.
 

 “The Court sustained the objection and opposition of the State, maintaining the plea of “Res Adjudicata” (for the reasons
 
 *271
 
 hereafter set forth) and after hearing the defense to the rule, found the defendant, William G. Dickinson, guilty of contempt and sentenced him to pay a fine of Twenty-five ($25.00) Dollars or to serve a term of thirty (30) days in the Parish Prison.”
 

 “This matter has been before the Juvenile Court since the month of November 1935, there having been four (4) informations filed therein against the said defendant and upon each of which he has been found guilty and ordered to pay alimony to his wife.
 

 “The first information filed, entitled State of Louisiana versus William G. Dickinson, No. 54-278, was tried by this Court on the 27th day of November 1935,
 
 the said defendant being assisted by his counsel, Howard W. Lenfant,
 
 and after due proceedings he was found guilty and ordered to pay his wife alimony at the rate of Ten ($10.00) Dollars per week. No appeal was taken from said judgment and the defendant complied with the order for a period of one year.”
 

 In the following paragraphs the respondent Judge refers to the previous prosecution of relator in the Juvenile Court, in which the validity of the judgment of divorce was attacked and the nullity of the judgment declared:
 

 “Thereafter a new information was filed against the said defendant, William G. Dickinson, being docketed under the No. 56-910 of The Juvenile Court. On January 12, 1937, defendant was brought to trial on this information,
 
 represented and assisted by his attorney, James J, Landry, and he then and there set up the defense that he had obtained a divorce from his wife by virtue of a judgment rendered by the Chancery Court, County of Pike, State of Mississippi, on the 8th day of December 1936,
 
 and offered in evidence a certified copy of said alleged judgment. He contended that, under the Constitution of the United States of America, such judgment was entitled to full faith and credit in the State of Louisiana. (The copy of judgment offered in evidence was withdrawn by counsel for defendant for the purpose of having same certified to in accordance with the Act of Congress but failed to have the same done and to return said copy of judgment to the record.) (Italics ours.)
 

 “What applicant fails to state and what actually occurred is that the
 
 State of Louisiana objected to and collaterally attacked the validity of the said judgment of divorce ,on the grounds:
 

 “1. That the Court rendering the said judgment was without jurisdiction either ratione materia or ratione persona.
 

 “2. Because all the proceedings leading up to and on which the judgment was based were tainted with and based upon fraud.
 

 “The defendant himself, William G. Dickinson, applicant for writs, took the stand and testified, under oath, on direct examination, that he had resided in Fernwood, Mississippi, for Eleven (11) months prior to the filing of his said suit for divorce. On crosséxamination he admitted that during the same 11 months period he had been continuously employed and actually engaged in working at such employment in the City of New Orleans,
 
 where previously he and
 
 
 *273
 

 his wife had lived together, ás man and wife, for many years;
 
 that, during the same 11 months he had maintained a residence at 804’St. Charles Street, in the City of New Orelans,
 
 La.;
 
 further on cross-examination, the defendant stated that he had boarded and lodged in Fernwood, Miss., where he spent week ends, but was unable to state the name and address of his said supposed place of residence and the owner and operator thereof. (Italics ours.)
 

 “The defendant was also asked about the names and addresses of the witnesses who had testified in support of his petition for said divorce and he could not remember. He also testified that the only reason he had sought a Mississippi divorce was because a divorce could be obtained in Mississippi cheaper than it could be in the State of Louisiana.
 

 “The record also shows that during the 11 months period in question, the same defendant had been ruled into and had come into this Court, for failure to pay the alimony when due, on services of process made at the said New Orleans residence and that at no time during said period had he claimed in Court to be domiciliated in or to be a resident of the State of Mississippi.
 

 “The record also shows that this same defendant wa's an electrician, employed by the Federal Electric Company of New Orleans, as an electrician, engaged in and on local jobs all'during the 11 months period in question and that he failed to show that he had ever been in Fernwood, Mississippi, if he ever went there at all, for any other purpose or business than to obtain a divorce.
 

 “Apart from the physical fact that it was impossible for anyone to be in two places at the same time, the law of Mississippi with regards to divorce (Sections 1414, 1415, Mississippi Code 1930) was introduced in evidence and under the terms of. the said laws, in order to obtain a divorce one must have been an actual bona fide resident within the said State of Mississippi for one year next preceding the commencement of the suit. The said law further provides that in any case where the proof shows that a residence was acquired in sa-id State of Mississippi with a purpose of securing a divorce, the Court shall not take jurisdiction thereof but shall dismiss the bill of complaint at the cost of complainant.
 

 ' “Under the laws of the State of Mississippi, even though the one year residence requirement had been met, if such residence was merely for the purpose of obtaining a divorce, the court would be without jurisdiction.
 

 “While it is a general rule .that full faith and credit should be given to judgments rendered by Courts of other States, yet it is subject to exception, especially so in cases of divorce and separation. And it is well established, as a matter of law, that where it is shown that such a judgment of divorce (as in this case) is obtained by fraud and/or without jurisdiction ratione materias or ratione personae, such judgment will and must be treated as a nullity.
 

 “From the defendant’s own testimony we believed that he had obtained his judgment of divorce in Mississippi by deceiving and misleading the Chancery Court.
 

 
 *275
 
 “For these reasons, this Court refused to recognize said judgment as a valid judgment of divorce and treated it as a nullity.”
 

 “The Court then found said defendant guilty of failing to support the wife and ordered him to pay alimony at the rate of Ten ($10.00) Dollars per week.
 

 "The defendant took no appeal from, said judgment and complied with the said order for a period of time,
 
 however he subsequently failed to pay the alimony and
 
 on June 14, 1937
 
 was fined the sum of Sixty-five ($65.-00) Dollars, the amount he was then in arrears. (Italics ours.)
 

 “Immediately thereafter a new information was filed by the State against the said William G. Dickinson, being docketed under the No. 57-827 in this Court. The defendant on the date set for the trial, to-wit,
 
 June 28, 1937 consented to pay to his wife alimony at the rate of $7.00 per week, which amount he continued to pay until the month of February, 1938,
 
 at which time he was found guilty and sentenced to pay a fine of Twenty-eight ($28.00) Dollars, the amount of the past due alimony. On the trial of the contempt rule the defendant was represented by his present counsel, William Donnaud,
 
 however, no appeal was taken from said judgment, finding the defendant, William G. Dickinson, guilty of contempt, and the fine was paid on March 29,1938.
 
 (Italics Ours.)
 

 Referring to the present prosecution, respondent Judge, in answer to the rule nisi, states:
 

 “On April 2, 1938, a new information was filed against defendant being docketed as No. 59-419. At the trial thereof on May 30, 1938,
 
 the said defendant was assisted by his counsel, William Donnaud.
 
 No demurrers or technical pleadings of any nature whatsoever were filed by defendant. The State offered in evidence the previous convictions of defendant in this Court, to-wit: Docket Nos. 54-278, 56-910 and 57-826, all entitled State of Louisiana vs. William G. Dickinson, for the purpose of showing that the issues therein had become “res adjudicata” and then proved the necessitous condition of the wife. (Itálics Ours.)
 

 “The wife under cross-examination was asked the question:
 

 P. 15 — Testimony—“Q. I ask you again if he goes and gets a house will you go and live with him? A. A decent house I will.
 

 “Q. Yes, a respectable house? A. Yes, Sir.”
 

 “The question of the existence of the Mississippi divorce judgment, which, while being treated as a nullity, insofar as this court was concerned, nevertheless was still extant and in full force and effect in the State of Mississippi, was injected into the matter, the wife contending that she would expect her said husband to remove the said cloud from the marital status before resuming the marital relations with him.
 

 “The evidence further showed that the husband’s income and earnings were between Fifty ($50.00) Dollars and Sixty ($60.00) Dollars per week.
 

 “The Court found the defendant guilty of failing to support his said wife and ordered him to pay alimony to her at the rate of nine ($9.00) Dollars per week, the first payment to be made on June 4, 1938.
 

 
 *277
 
 “Upon the failure and refusal of defendant to comply with the aforesaid order of Court, a rule was issued therein, ordering defendant to show cause why he should not be punished according to law.
 

 “This rule was set for trial on June 27, 1938, and was continued, at the request of defendant, until July 5, 1938.
 

 “On July 5, 1938, the defendant through his counsel, filed a motion for a new trial and also a motion for an arrest of judgment, both of which were based upon the existence of the Mississippi divorce. The State objected and opposed both of said motions on the grounds:
 

 “1. Because they were filed too late.
 

 “2. Because the matters and things alleged therein had been previously passed upon by this court; that no appeal had been taken from the said decision and therefore the same had obtained the force and effect of “res adjudicata.”
 

 “The Court sustained the objection and opposition of the State, and overruled and dismissed the said motions.
 

 “The defendant offered no other defense to the rule and the Court thereupon found him guilty of contempt of Court and sentenced him to pay a fine of Twenty-five ($25.00) Dollars or serve thirty (30) days in the Parish Prison.
 

 “Unfortunately, the record in case 56-910, insofar as the stenographic record of the testimony taken therein is concerned, is not available, for the reason that in the course of certain work done by the W. P. A. forces in repairing and renovating the Court House, the record in question was moved and either misplaced or lost. But this Court remembers distinctly the matters and things above referred to and set forth and has checked his recollection with that of Hon. Chas. W. Kehl, Assistant District Attorney, and Joseph M. Vieages, Official Reporter, and the records, all agreeing to the correctness thereof and therefore your respondent certifies that all the above and foregoing is true and correct.
 

 “The judgment of divorce relied upon by the applicant herein was treated as a nullity by this Court in a previous case, to-wit:
 

 “No. 56-910,
 
 from which decision no appeal was taken and in which decision defendant acquiesced by complying with the orders of this Court,
 
 hence same acquired the full force and effect of “res adjudicata.” For the reasons set forth above the application of relator should be denied and the preliminary writs of mandamus, certiorari and prohibition should be recalled and set aside.” (Italics ours.)
 

 “Respectfully Submitted,
 

 “[Signed] John D. Nix, Sr., Judge
 

 1. From the statements contained in the answer of respondent judge, it is clear that the judgment of divorce relied upon by relator as the basis of his plea to the jurisdiction of the Juvenile Court for the Parish of Orleans was a nullity, and that the Juvenile Court of that Parish was vested with jurisdiction to try the information filed against relator in this case, and the rule for contempt. The plea to the jurisdiction of the Juvenile Court is set out, both in the
 
 *279
 
 motion for arrest and in the motion for new trial, and, to this extent, these motions were passed upon, considered, and overruled by respondent judge, who did not consider the other matters set out in these, motions, for the reason that both motions were filed too late as to such matters.
 

 The remaining ground of the motion in arrest is that the information charges no offense ■ known to the laws of this State, in that' the name of “his lawful wife” is not mentioned or alleged in any manner.
 

 The information is drawn in the language of Act No.
 
 77
 
 of 1932, and charges that relator did “without .just cause desert and wilfully neglect to provide- for the support of
 
 his lawful wife."
 

 On July 5, 1938, on the trial of the rule for contempt,
 
 relator filed the motion in arrest of judgment,
 
 as to the conviction and sentence on May 30, 1938, of relator for non-support of his wife.
 
 More than a month had elapsed since the coiiviction and sentence of relator for non-support of his wife, and it is elementary that a motion in arrest of judgment must be filed for an alleged substantial defect patent upon the face of an information or an indictment, after conviction
 
 and before sentence.
 

 Besides, relator sets out the name of his wife in the motion in arrest of judgment as follows: “(1) That this Court has no jurisdiction of the affidavit (information) herein filed because your defendant
 
 was divorced from said prosecuting witness
 
 in a Court of competent jurisdiction, in the matter entitled: ‘William. G. Dickinson, Jr. v.
 
 Mrs. Magdeline Dickinson,
 
 No. 8302, in the Chancery Court of Pike County, State of Mississippi,’
 
 as per judgment filed in these proceedings."
 
 (Italics ours.)
 

 So relator, in attacking the information in this case for failure to give the name of his wife, has himself disclosed her name, which, of course, was well known to him.
 

 2. The motion for new trial is based on the following grounds:
 

 1. That the State- has failed to prove that the prosecuting and only witness on behalf of the State is the wife of the defendant.
 

 “No inquiry into evidence will be made on- application for writs of certiorari and prohibition to review contempt proceeding.” State v. Broxson, 163 La. 94, 111 So. 611, syllabus No. 4; Perrault v. Edwards, 170 La. 671, 129 So. 125.
 

 2. That respondent Judge allowed, over the objection of relator, “three previous charges and convictions to be filed in evidence against relator,
 
 for the purpose of fixing alimony."
 

 On the contrary, respondent judge states in his answer that “The State offered in evidence the previous convictions of defendant in this court, to-wit: Docket Nos. 54-278, 56-910 and 57-826, all entitled State of Louisiana v. William G. Dickinson,
 
 for the purpose of showing that the issues therein had become “res adjudicata”,
 
 and then proved the necessitous condition of the wife.” (Italics ours.)
 

 3. That respondent Judge erred in not allowing.-a continuance for the purpose of
 
 *281
 
 offering evidence of said divorce when same was pleaded by prosecuting witness.
 

 A complete answer to this contention is that the decree for divorce, duly certified, is annexed to the motion for new trial, and was considered, passed on, and declared null by the judge of the Juvenile Court for the Parish of Orleans.
 

 4. That the verdict of the Juvenile Court is contrary to the law and the evidence, and said prosecuting witness is employed arid is not in destitute and necessitous circumstances.
 

 “In contempt proceedings, Supreme Court will not review facts on which trial court acted to punish for contempt.” Perrault v. Edwards, 170 La. 671, 129 So. 125, syllabus 6.
 

 “The only questions which may be inquired into on relators’ application for certiorari and prohibition are those relating to the regularity of the proceeding and to the jurisdiction of the court.” Woodward v. Johnson, 178 La. 501, 506, 152 So. 65, 66.
 

 Our conclusion is that there is no irregularity in the proceedings, and that the Juvenile Court for the Parish of Orleans had jurisdiction to try relator for failure to support his wife, and in the contempt proceeding.
 

 It is therefore ordered that the rule nisi herein issued be recalled and vacated, and that relator’s application for writs of prohibition and mandamus be refused. It is further ordered that relator pay the costs of this proceeding.