## BAUMAN v. UNITED STATES.
### No. 11631.

Circuit Court of Appeals, Fifth Circuit.
June 27, 1946.

Rehearing Denied Aug. 6, 1946.

Howard F. McCue, of Topeka, Kan., for appellant.

Malcolm E. Lafargue, U. S. Atty., of Shreveport, La., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Appellant pleaded guilty in May, 1943, to an indictment of four counts returned in February, 1939, in the Western District of Louisiana, which charged the fraudulent use of the mails in furtherance of a scheme to defraud, in violation of Section 338, Title 18 U.S.C.A. He received a sentence of five years in the penitentiary on the first count and was placed on probation on the remaining counts. After serving over two years of his sentence, Appellant filed, in the Court that sentenced him, a motion to vacate the judgment and sentence and to dismiss the indictment.

He grounded his motion on the decisions in Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88, 157 A.L.R. 406, and Dyhre v. Hudspeth, 10 Cir., 106 F.2d 286, and similar cases, wherein it was held that the Federal Court had no jurisdiction of offenses in which there was no use of the mails until after the fruition of the fraudulent scheme.

The indictment alleges: that the defendant fraudulently and feloniously devised a scheme to defraud the Enochs-Kinney Refrigeration Company, Amarillo, Texas, the Amarillo National Bank, Amarillo, Texas, the Washington-Youree Hotel, Shreveport, Louisiana, Don Freeman, Shreveport, Louisiana, the Bentley Hotel, Alexandria, Louisiana, and sundry other corporations and persons to the grand jurors unknown; that the defendant, alias Dowling, alias Hunt, alias Van Dyke, represented that he was in the employ of the Enochs-Kinney Refrigeration Company of Amarillo, Texas, as an air-conditioning engineer; that he had checks purportedly issued to him by said Enochs-Kinney Refrigeration Company, drawn on the Amarillo National Bank, and that defendant, using fictitious names, wrote checks for various amounts to which he signed and forged the name of the Enochs-Kinney Refrigeration Company and its President, which forged checks were payable to the defendant under one of his false or fictitious names; that the defendant would and did present such checks for payment to the Washington-Youree Hotel in Shreveport, the Bentley Hotel in Alexandria, and to other persons, and did prevail upon them to cash said checks for various amounts of money; that at the time of drawing and cashing the checks the payee whose name the defendant wrote therein had no money due from Enochs-Kinney Refrigeration Company; that the defendant well knew that said checks were for the sole purpose of defrauding the persons to be defrauded; that on the 8th day of October, 1938, having so devised the said scheme to defraud the said Enochs-Kinney Refrigeration Company of Amarillo and other named and un-named victims, the defendant, "in and for executing the scheme and artifice, and in and for attempting so to do, and in and for defrauding, by and through said scheme and artifice, the said Washington-Youree Hotel of Shreveport, Louisiana; the said Enochs-Kinney Refrigeration Company of Amarillo, Texas; * * * willfully, unlawfully, knowingly, feloniously, and fraudulently did cause to be placed in the Post Office * * * at Shreveport

* * * to be sent and delivered * * * to the said Amarillo National Bank * * * a certain letter * * * which said letter contained a check drawn on the Amarillo National Bank * * * in the sum of $55.00, dated October 6, 1938, and signed by Enochs-Kinney Refrigeration Company, by Ed Enochs * * *" which check defendant knew was fictitious and falsely forged and would not be paid or honored. (Quotation from Count 1 of the indictment.)

The other counts are similar except they have reference to other checks and other mailings on other dates.

■ We agree that an indictment under the mail fraud statute which shows on its face that the mailing was after the perpetration or accomplishment of the fraud would confer no jurisdiction upon the Federal Court to try such an offense, and that a judgment or sentence based thereon would be void and subject to be set aside on motion at any time. In order to confer jurisdiction upon the Federal Court the devising of a scheme to defraud must be alleged as well as the use of the mails in the execution or attempted execution of such fraudulent scheme.

The question now before us is whether or not the indictment shows that the fraudulent scheme had come to fruition before the mailing of the forged and false checks to the drawee bank. The facts here are quite different from those in Dyhre v. Hudspeth, supra, in which case the fraud had been perpetrated and fully consummated before the check was mailed. There the defendant had drawn a check in favor of himself on a bank in Colorado, which check was signed by a fictitious person named Lewis when he well knew that he had no funds in said bank to the credit of the said G. L. Lewis. The only person alleged to have been defrauded by Dyhre was the Pan-American Service station to whom the said check was negotiated. The other transactions in the other counts of that case were of the same type. The fraud was completed when the defendant got the victim to cash the check.

In Kann v. United States, supra, the checks were genuine. The defendants cashed them at a bank which became the owner of the checks and entitled to have them paid by the bank on which they were drawn. There was no question of forgery nor absence or inadequacy of funds. The fraud lay in the fact that the payees, in those checks, did not own the property for which the checks were given in purchase. The transmission through the mail was by the bank, the lawful owner of the checks, and was not a part of, nor in furtherance of, the scheme to defraud. The mailing was merely an act by the bank to secure reimbursement to itself for monies which it had paid out on those checks to payees who had no defense against their payment to it. The checks in question were drawn by Elk Mills on its own account in the Peoples Bank of Elkton.

In the present case the checks were drawn by the defendant on Enochs-Kinney Refrigeration Company with the name of the President of that company forged thereto. The indictment alleges that the defendant devised a scheme to defraud— not merely the hotel which cashed the check, but the Enochs-Kinney Refrigeration Company, the Amarillo National Bank, as well as the hotels and others who cashed the checks. It is definitely alleged that the scheme intended to defraud the concern against whose account the checks were drawn, and it is definitely alleged that in the execution of that scheme and in the defrauding by said scheme of the Enochs-Kinney Refrigerator Company, and the others, the defendant knowingly, willfully, unlawfully, and fraudulently caused the checks to be sent through the mail. Indeed, it is difficult to see how the defendant could have intended to defraud the concern against which he was forging checks except by having the checks transmitted in the usual course by mail to the bank in which the victim's account was kept. The indictment definitely alleges that the mailing was "in and for executing the scheme * * *."

In the instant case if Enochs-Kinney Refrigeration Company had never discovered the forgery, it only would have been defrauded, or if the Refrigeration Company had been guilty of laches or negligence in discovering and reporting the

forgery, so as to contribute to the assumption that such checks were valid, there might also arise a question as to whether or not it could call on its prior endorsers to make good. The fraud and the forgery in the *instant* case against the Refrigeration Company could not occur until the checks were transmitted to Amarillo. The scheme to defraud the Refrigeration Company necessarily called for the transmission of those checks through the usual process of the mail.

Moreover, in the present case there seems to have been a series of transactions that were substantially identical in that they had the same forgeries against the account of the same company in the same bank and with the same representations as to the employment of defendant by the company against which he had forged the checks. Since the transmittal of the checks through the mails to Amarillo, with the necessity of getting a return thereon before their fraudulent nature was discovered if, indeed, it were ever discovered, was a part of the scheme, and since such delay would enable defendant to give the scheme a wider scope of operations and require less haste in getting away than if the checks had been forged against an account in a local bank where the discovery of the forgery would, perhaps, have been more prompt, we think that the contention that the scheme did not embrace the mailing is contrary to the wording of the indictment and in disregard of the realities.

The decision in Kann v. United States, supra, recognized the distinction between that case and those where the use of the mail is a means of concealment in order that further frauds, which are a part of the scheme, may be perpetrated.[1]

No one count in the indictment alleges that the defendant devised a scheme that began at a certain date and continued until some later date, but the indictment does allege a series of transactions of the same type by the same defendant which involved different persons in Shreveport and Alexandria, so that the indictment, construed as a whole, reveals a series of the same type of fraudulent transactions, to the end that the delay necessarily occasioned by the mailing of the checks to a distant city would be such an important element in consummation of the scheme as to justify the conclusion that the delay of mailing was a part of the scheme set out by the indictment and admitted by the plea of guilty. The several transactions on different dates, as revealed by the indictment, outline a course of conduct that the delay of transmittal before the ascertainment of the fraud would greatly aid.

We conclude that:

■ 1. A federal court would not have jurisdiction to try an offense for devising a fraudulent scheme where the *indictment* showed on *its* face that the mailing was not in furtherance of the scheme to defraud. See Kann v. United States, supra, citing with approval Dyhre v. Hudspeth, supra.

■ 2. If an indictment shows *on its face* that the mailing of the check was after the fruition and completion of the fraudulent scheme, a federal court would be without jurisdiction of the offense.

■ 3. If the federal court was without jurisdiction of the offense, the judgment of conviction would be void on its face.

■ 4. If the judgment be void on its face, it could be attacked at any time by filing a motion to vacate the sentence, Holiday v. Johnston, 313 U.S. 342, 61 S. Ct. 1015, 85 L.Ed. 1392, or by a proceeding in habeas corpus, Johnson v. Zerbst, Warden, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

■ The defendant pleaded guilty to an indictment which alleged that he was intending to defraud the concern whose name he had forged to the check and not merely that he had intended to defraud the hotel that had cashed the check. He pleaded guilty to an indictment that said

---

[1] The Court said: "In these the mailing has ordinarily had a much closer relation to further fraudulent conduct than has the mere clearing of a check, although it is conceivable that this alone, in some settings, would be enough." [323 U.S. 88, 65 S.Ct. 151].

the mailing of the check was in and for executing the scheme and artifice. These allegations were not denied but were admitted, and we think that the Court had jurisdiction of the offense.

The facts in this case are clearly distinguishable from the case of Dyhre v. Hudspeth, supra, or Kann v. United States, supra, and the judgment of the lower Court in refusing to vacate judgment and sentence and dismiss the indictment was correct.

The judgment of the Court below is affirmed.

HUTCHESON, Circuit Judge (concurring specially).

I agree with the result the majority opinion announces, and, as abstractions, with most of what is said in it. We so decided in Stapp v. United States, 5 Cir., 120 F.2d 898, where the matter came up on direct appeal from a conviction on a record which showed that the mailing was after the purpose of the scheme to defraud had been completely accomplished.

I cannot agree, though, with the implications of the majority opinion that Dyhre v. Hudspeth, 10 Cir., 106 F.2d 286, was correctly decided, and, therefore, is authority for the view that where, as here, a defendant has pleaded guilty to an indictment in a mail fraud case which "at least apparently attempts to charge a federal offense", it is open to him to challenge the indictment on habeas corpus or on a motion to set the judgment aside. The exact contrary of this has been decided in Hastings v. Hudspeth, 10 Cir., 126 F.2d 194. In that case, the Tenth Circuit, from which Dyhre v. Hudspeth comes, on the authority of the many cited cases, which had sub silentio overruled the Dyhre case, settled it that "if there is a federal offense which the indictment apparently attempts to charge, and the court has jurisdiction * * * over the person of the accused, the sufficiency of the indictment is not open to challenge on habeas corpus" [126 F.2d 196].

I think it quite plain that the sufficiency of the indictment here is not open to inquiry on motion to set the judgment aside.

The indictment in question here certainly attempts to charge a federal offense. Certainly the court had jurisdiction over the person of the accused. He appeared and plead guilty. This has been decided with reference to this very indictment and this very defendant in Bauman v. Hunter, 10 Cir., 150 F.2d 449. I think our opinion should say no more than that we agree with and affirm the judgment on the views there expressed.

On Petition for Rehearing.

PER CURIAM.

The time for filing a petition for rehearing having expired, and the mandate having issued, prior to the receipt by the clerk of a petition for leave to file a typewritten copy of a petition for rehearing attached to said petition, it is ordered that the petition be, and the same is hereby, denied, for failure to comply with Rule 29 of this Court relating to rehearing.