BARHAM, Justice
(dissenting).
The majority opinion has held, relying upon and repeating the dictum of State v. Cooley, 260 La. 768, 257 So.2d 400, that Subsection (B) of Article 487 of the Code of Criminal Procedure, added by amendment in 1970 (Act. No. 679, Sec. 1), has no meaning whatever. The holding of the majority is: “Article 487(B) serves only to clarify and give statutory dignity to a principle existing in our law prior to 1970. Hence its application aoes not violate the ex post facto clause of the constitution.”
First, as interpreted by the majority, this amendment merely provides a change in procedure, is not a substantive change in the penal law, and if applied in the pres *848 ent case, would not be ex post facto. Although this defendant committed the offense for which he was indicted before the 1970 amendment to Article 487, his trial began in January, 1971, and the guilty plea of which he complains was entered thereafter. The procedural provision could apply to the trial and plea proceedings although the offense was committed before ■the procedural guideline, and the contention of application of an ex post facto law is without merit
Second, I do not interpret the intendment of the provision in question to be that ■which the majority has found. That provision reads:
“B. Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime non-responsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.” (Emphasis supplied.)
The majority has found that this provision permits only a plea of guilty to a lesser offense that is included in the offense charged in the original indictment. The majority’s concise finding is that the ■“attempted armed robbery” plea here was a lesser included offense and a “responsive verdict”. Yet the express language of the statute clearly shows that the provision intends to permit “nonresponsive” pleas. I cannot make the express language of the provision coincide with the interpretation given to it by the majority. I am of the opinion that the Legislature meant exactly what is said — that is, to permit with approval of the district attorney non-responsive pleas to the original indictment. As I interpret the provision, the amendment of the “original indictment” will suffice without the State’s being “required to file a new indictment to charge the crime to which the plea is offered”. This being so, the question of the constitutional validity of the provision immediately would arise under Article I, Sections 9 and 10, ■when an accused pleads to an entirely new and distinct crime. However, without approaching the constitutional problem and assuming for the purpose of this dissent the constitutionality of the provision, I am of the opinion that Code of Criminal Procedure Article SS8 is modified by Article 814, which states that the only responsive verdicts to a charge of armed robbery are guilty, guilty of simple robbery, and not guilty. Attempted armed robbery, which was the plea here, is non-responsive to an indictment for armed robbery.
A plea of guilty and a verdict of guilty are both convictions. They are convictions of equal dignity. State v. Braud, 238 La. 811, 116 So.2d 676. A responsive plea and a responsive verdict to an indictment should have the same meaning under our *850 Code. Without an indictment (or at least an amended indictment) to which attempted armed robbery would be responsive, the plea of guilty here cannot stand.
I consider the majority’s interpretation of the intention and effect of Subsection (B) of Article 487 to be dispositive of a serious legal problem. Much litigation may be avoided if the district attorneys and the courts below adhere to this restrictive interpretation of the power attempted to be delegated by that provision. However, I must respectfully dissent, believing the legislative intent to be considerably broader.