476 So.2d 537 (1985)
STATE of Louisiana
v.
George VIDRINE.
No. 85 0188.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
*538 Walter J. Senette, Jr., Asst. Dist. Atty., Franklin, for appellee.
Thomas L. Mahfouz, Morgan City, for appellant.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
LANIER, Judge.
The defendant, George W. Vidrine, pled guilty to charges of third and fourth offense driving while intoxicated (DWI) which are violations of La.R.S. 14:98. On the third offense DWI, he was sentenced to imprisonment at hard labor for three years with six months of the sentence to be served without benefit of probation, parole or suspension. On the fourth offense DWI, he was sentenced to imprisonment at hard labor for ten years. The sentences were ordered to be served concurrently with credit for time served. Vidrine reserved the right to contest on appeal the denial of his motion to quash the bills of information because the predicate DWI convictions upon which they were based were not valid under State v. Jones, 404 So.2d 1192 (La.1981) (Boykin examinations in misdemeanors). State v. Crosby, 338 So.2d 584 (La.1976). Further, Vidrine objected to his sentences contending the statute proscribing third and fourth offense DWI is per se unconstitutional because the penalties are excessive and punish status and not criminal behavior. This appeal followed.

FACTS
On June 28, 1983, Vidrine was arrested in St. Mary Parish for fourth offense DWI, improper left turn and driving while his license was suspended. His bail was fixed at $10,000, which he posted that same date.
On September 1, 1983, Vidrine was arrested in St. Mary Parish for fifth offense DWI, speeding and driving under revocation. His bail was fixed at $10,000, which he posted on September 2, 1983.
On December 14, 1983, the State filed a bill of information under docket number 114,944 charging that Vidrine on June 28, 1983, committed third offense DWI. The predicate DWI convictions charged in this information were alleged to have occurred "in the Sixteenth District Court for St. Mary Parish on May 18, 1983". Also on December 14, 1983, the State filed a bill of information under docket number 115,232 charging that Vidrine on September 1, 1983, committed third offense DWI. The predicate DWI convictions charged in this information were alleged to have occurred "in the Sixteenth District Court for St. Mary Parish on May 18, 1983".
On January 13, 1984, counsel for Vidrine filed a motion to quash in docket number 115,232 (September 1983 DWI) contending the predicate DWI convictions could not be used because of noncompliance with the Jones case. The motion to quash was heard on May 16, 1984. The State introduced evidence to show the following DWI convictions of Vidrine:
(1) April 5, 1976City Court of Ville Platte;
(2) November 17, 1977City Court of Ville Platte;
(3) July 7, 198016th Judicial District Court, Parish of St. Mary;
(4) September 8, 198016th Judicial District Court, Parish of St. Mary;
(5) & (6) May 18, 1982 (2 counts)16th Judicial District Court, Parish of St. Mary.
The State stipulated the 1977 DWI conviction could not be used because it was over five years old and the two 1982 DWI convictions *539 could not be used because the records thereof did not show compliance with Jones. The State contended that, although the records of the two 1980 DWI convictions did not show Jones compliance, they were still valid predicate convictions because Jones only applied prospectively. See, for example, State v. Lewis, 421 So.2d 227 (La.1982), State v. Moore, 416 So.2d 1298 (La.1982), State v. Moore, 408 So.2d 1220 (La.1982) and State v. Shuff 459 So.2d 78 (La.App. 2nd Cir. 1984). The trial court denied the motion to quash.
On May 24, 1984, Vidrine was arraigned on the charges in docket numbers 114,944 and 115,232. The State advised the trial court that Vidrine was charged with "DWI third offense and DWI fourth offense". (Apparently, the State intended to use the two 1980 DWI convictions as the predicate convictions for third offense in docket number 114,944 and those two convictions and the conviction in docket number 114,944 as the predicate convictions for fourth offense in docket number 115,232.) However, the bills of information for docket numbers 114,944 and 115,232 were not brought to court; the tickets given to Vidrine in June and September of 1983 were brought to court. The court minutes and the transcript of the arraignment and sentencing do not reflect any amendments to the bills of information by the State. The bills of information in these records do not reflect that they were amended. Vidrine advised the court he wished to plead guilty reserving his right to contest the ruling on the motion to quash. The trial judge advised Vidrine of the sentence he would impose and asked him if he had discussed this with his attorney. Vidrine responded yes. The trial judge then conducted an extensive and thorough Boykin examination of Vidrine. Vidrine was then sentenced.
On May 30, 1984, counsel for Vidrine filed a written motion for an appeal in docket number 115,232 stating that Vidrine "desires to appeal his convictions for the charges of unlawfully operating a motor vehicle while under the influence of an alcoholic beverage in violation of LA R.S. 14:98 due to the Trial Court's denial of his two (2) Motions to Quash." [Emphasis added]. The briefs of the State and Vidrine show this appeal is from the convictions and sentences in docket numbers 115,232 and 114,944 (erroneously stated as 114,941 in both briefs).
On June 7, 1984, the State filed a second bill of information in docket number 115,232. This information charged Vidrine with fourth offense DWI on September 1, 1983. The predicate convictions were alleged to have occurred on July 7, 1980, September 6, 1980, and May 18, 1982.

PATENT ERROR
In a criminal case, an accused must be informed of the nature and cause of the accusation against him. La. Const. of 1974, art. I, § 13. When a person is charged with a felony, the prosecution against him must be initiated by a grand jury indictment or a bill of information. La. Const. of 1974, art. I, § 15; La.C.Cr.P. art. 382. Third and fourth offense DWI are felonies. La.R.S. 14:98; La.C.Cr.P. art. 933(3). An information is a written accusation of crime made by the State. La.C. Cr.P. art. 384. There can be no oral bill of information. State v. Buttner, 411 So.2d 35 (La.1982).
On May 24, 1984, when Vidrine was arraigned and sentenced for fourth offense DWI in docket number 115,232, there was no bill of information charging such a crime in existence. The bill of information then in docket number 115,232 charged Vidrine with third offense DWI. The court minutes and the bill of information reflect no amendments were made to the original accusation. La.C.Cr.P. arts. 487 and 487.1. (Further, the bill of information in docket number 115,232, as it then existed, pled the two 1982 DWI convictions as the predicate convictions and the State stipulated at the hearing on the motion to quash these were invalid predicate convictions.) The filing of an amended bill of information on June 7, *540 1984, could not cure this defect. Cf. State v. Duhon, 142 La. 919, 77 So. 791 (1918). (Even this bill of information was defective because it pled a predicate conviction that was stipulated to be invalid.) This error is patent on the face of the record. La.C. Cr.P. art. 920; Buttner, 411 So.2d at 37.
This error requires a reversal of the conviction and sentence in docket number 115,232.

VALIDITY OF THIRD OFFENSE DWI CONVICTION
The court minutes and the bill of information in docket number 114,944 reflect no amendment has been made to the original accusation. Thus, on May 24, 1984, when Vidrine was arraigned and sentenced, this bill of information pled two DWI predicate convictions which were stipulated to be invalid. Further, the transcript of the arraignment and sentencing reflects that the guilty pleas and sentences in these two cases, with a Crosby reservation of appeal rights, were part of an agreement between the parties to dispose of both cases. In this factual posture, if one part of the agreement falls (docket number 115,232), then the other part of the agreement also must fall (docket number 114,944). Cf. State v. Cook, 372 So.2d 1202 (La.1979).
The conviction and sentence in docket number 114,944 are reversed.

DECREE
For the foregoing reasons, the convictions and sentences are reversed. This case is remanded to the district court for further proceedings in accordance with law. The State is granted fifteen days after this judgment becomes final to amend the bills of information, and, upon its failure to do so, the district court, on motion of the defendant, shall quash the bills of information.
REVERSED AND REMANDED.